# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**GEORGETTE OSBURN,**

    **Plaintiff,**

vs.

**ARBY'S OHIO, LLC, ARBY'S NO 5906, MOSAIC RBFL, LLC, MOSAIC RH HOLDINGS, LLC, ARBY'S RESTAURANT GROUP, INC, THE COCA-COLA COMPANY AND COCA-COLA BEVERAGES FLORIDA, LLC,**

    **Defendants.**

                                      /

CASE NO.: _____

## DEFENDANT COCA-COLA BEVERAGES FLORIDA, LLC'S NOTICE OF REMOVAL

Defendant Coca-Cola Beverages Florida, LLC ("Coke Florida"), hereby gives notice of the removal to this Court of the case styled *Georgette Osburn v. Arby's Ohio, LLC; Arby's No 5906; Mosaic RBFL, LLC; Mosaic RH Holdings, LLC; Arby's Restaurant Group, Inc; The Coca-Cola Company and Coca-Cola Beverages Florida, LLC,* filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, Case No. 2022-CA-003281. As grounds for removal, Coke Florida, states:

## I.   FACTUAL BACKGROUND

Plaintiff Georgette Osburn ("Plaintiff"), a citizen of Florida, filed this action in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, Case No.: 2022-CA-003281, against Coke Florida and Defendants, Arby's Ohio, LLC;[1] Arby's No 5906; Mosaic RBFL, LLC ("Mosaic RBFL"); Mosaic RH Holdings, LLC ("Mosaic RH"); Arby's Restaurant Group, Inc ("Arby's") and The Coca-Cola Company ("TCCC"). Mosaic RBFL is a limited liability company and under information and belief its members are not citizens of Florida. Mosaic RH Holdings, LLC is a limited liability company and upon information and belief its members are not citizens of Florida. Arby's is a Delaware corporation, with its principal place of business in Georgia. TCCC is a Delaware corporation, with its principal place of business in Georgia. Coke Florida is a limited liability company and its members are not domiciled in Florida.

In the Complaint, Plaintiff alleges that on or about January 1, 2022, she was a lawful guest upon the premises of Arby's store located at 7446 Gall Blvd., Zephyrhills, Pasco County, Florida where she allegedly slipped and fell on a liquid substance on the floor. *See* Complaint attached hereto as Exhibit "A." Plaintiff filed the Complaint on December 29, 2022 and served Coke Florida on February 14, 2023. See attached Return of Service as Exhibit "B."

---

[1] On March 8, 2023 Plaintiff dismissed Arby's Ohio, LLC from the suit.

Removal of this action is timely pursuant to 28 U.S.C. §1446(b)(3) and 28 U.S.C. §1446(c)(2) because it is filed within thirty (30) days after Plaintiff's Complaint was served on Coke Florida. *See* Exhibits "A" and "B". As described below, there is also complete diversity between the parties and the amount-in-controversy also exceeds $75,000.00.

## II.    STATEMENT OF GROUNDS FOR REMOVAL

### A. The Parties Are Diverse

This Court has original jurisdiction pursuant to 28 U.S.C. §1332. Removal of a state court action is permitted in actions between citizens of different states where the amount-in-controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). In Plaintiff's Complaint, she alleges that "[p]laintiff, Georgette Osburn, is a natural person residing in Pasco County Florida. *See* Exhibit "A" at ¶2. As a result, upon information and belief, Plaintiff is a Florida citizen.

Arby's is a Delaware corporation with its principal place of business in Georgia. *See* State of Georgia Secretary of State Corporations Division printout as Exhibit "C". TCCC is a Delaware corporation, with its principal place of business in Georgia. *See* State of Georgia Secretary of State Corporations Division printout as Exhibit "D". A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c).

Coke Florida, on the other hand, is a limited liability company. A limited liability company is a citizen in each and every state that its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Additionally, with regard to Coke Florida's traditional trust sub-members, the trust maintains the citizenship of its trustee(s). *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) *see also Westgate Resort, Ltd. v. Sussman,* 2017 WL 3524315 (M.D. Fla. August 16, 2017). Here, Coke Florida's members are not citizens of Florida. Its members are citizens of Texas. Coke Florida has a single member, Cardinal Intermediate Holdings, LLC. Cardinal Intermediate Holdings, LLC has two members: (1) Troy Taylor; and (2) Cardinal System Holdings, LLC. Cardinal System Holdings, LLC has four members: (1) Troy Taylor; (2) LaVonda Taylor; (3) JVT Trust; and (4) EJT Trust. Troy Taylor and LaVonda Taylor are citizens of the State of Texas. The trustees for the JVT Trust and the EJT Trust, which are both traditional trusts, are Troy Taylor and Adrian Patterson. As stated, Troy Taylor is a citizen of Texas. Adrian Patterson is also a citizen of Texas.

Upon information and belief, Mosaic RBFL is a limited liability company and under information and belief its members are not citizens of Florida. *See* Florida Division of Corporations printout as Exhibit "E." Mosaic RH Holdings, LLC is a limited liability company; upon information and belief its members are not citizens

4

of Florida. *See* Article of Conversion attached as Exhibit "F." Therefore, there is complete diversity of citizenship of the parties in this case.

### B. Plaintiff's Alleged Damages Exceed the Amount-In-Controversy Requirement

Notwithstanding that Plaintiff's Complaint merely provides that this matter is "an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest and costs," the information provided by Plaintiff in this matter to date establishes the amount-in-controversy exceeds the $75,000 jurisdictional requirement. *See* Ex. "A" at ¶1. Notably, in the Complaint, Plaintiff contends that she "suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation or activation of previously existing condition" as a result of the alleged incident. *See* Ex. "A" at ¶¶24, 29, 34, 39, 44, 49 and 54.. She is also claiming that the "losses are either permanent or continuing and…[she] will suffer losses in the future." *Id.*

On November 21, 2022, Plaintiff sent a demand letter for $1,000,000 claiming $31,680 in past pain and suffering, $280,320 in future pain and suffering, past medical bills of $7,538 and future medical treatment estimated at a cost of "approximately hundreds and thousands of dollars." The demand letter is attached as Exhibit "G."

5

Therefore, the amount-in-controversy requirement is satisfied and Plaintiff's claims are removable on the basis of this Court's original diversity jurisdiction.

### III. <u>PROCEDURAL MATTERS</u>

Venue in this Court is proper pursuant to 28 U.S.C. §1441(a) because this action is being removed from the state court in which it was originally filed, the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. Defendant will also file a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. §1446(d) with the Clerk of the Court for the Sixth Judicial Circuit, in and for Pasco County, Florida, and will give written notice thereof to all parties. A copy of the Notice of Filing is attached hereto as Exhibit "H." In compliance with 28 U.S.C. § 1446(a), a complete copy of the state court's file is attached hereto as Exhibit "I."

This Notice of Removal has been timely filed by Coke Florida, pursuant to 28 U.S.C. Section 1446(b), as it has been filed within thirty (30) days from the date Plaintiff served her Summons and Complaint on Coke Florida. Additionally, diversity among the parties is complete and the amount-in-controversy exceeds $75,000.

Defendants TCCC, Mosaic RH and Arby's have consented to the removal and will file separate notices of joinder. Defendant Mosaic RBFL appears to have been served but no attorney has appeared on their behalf as of the date of this filing.

**WHEREFORE**, Defendant, Coca-Cola Beverages Florida, LLC, respectfully requests the Honorable Court to assume jurisdiction of the above-described action now pending in the Sixth Judicial Circuit, in and for Pasco County, Florida pursuant to 28 U.S.C. §§ 1331 and 1441.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to **Bora S. Kayan, Esq.,** Morgan & Morgan Tampa, P.A., 2222 South Tamiami Trail, 2nd Floor Sarasota, Florida 34239 by e-mail to bkayan@forthepeople.com, dschlichte@forthepeople.com and lrandolph@forthepeople.com (Attorney for Plaintiff) Ashleigh N. Taylor, Esq. and Gerald C. Biondi, Esq. (gbiondi@baumannlegal.com; ataylor@baumannlegal.com; tpritchard@baumannlegal.com and litigationtpa@baumannlegal.com) 1000 N. Ashley Drive #270 Tampa, FL 33602 (Counsel for Defendants Arby's Restaurant Group, Inc. and Mosaic RH Holdings, LLC) and Derrick M. Kelly, Esq. (dkelly@hamiltonmillerlaw.com) Hamilton, Miller & Birthisel, LLP, 105 Southeast

Second Ave., Suite 1200 Miami, FL 33131 (Counsel for Defendant The Coca-Cola Company) this 16th day of March, 2023.

/s/ Madison M. Miller
ROBERT L. BLANK, B.C.S.
Florida Bar No. 0948497
E-mail:  rblanksecy@rumberger.com (primary) and docketingtpa@rumberger.com (secondary)
MADISON M. MILLER, ESQ.
Florida Bar No. 1024812
E-mail:  mmiller@rumberger.com (primary) and mmillersecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida  33601-3390
Telephone:  (813) 223-4253
Telecopier:  (813) 221-4752

Attorneys for Defendant Coca-Cola Beverages Florida